FILED
United States Court of Appeals
Tenth Circuit

April 11, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

NASRULLA KHAN,

     Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

     Defendant - Appellee.

No. 17-4137
(D.C. No. 1:17-CV-00038-DN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

Nasrulla Khan, proceeding pro se, appeals from the district court's dismissal of his complaint for failure to state a claim upon which relief may be granted. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Mr. Khan's complaint sought relief under 28 U.S.C. § 1346, which permits civil actions against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

He alleged that employees of the Federal Bureau of Investigation (FBI) wrote false and misleading reports about him, the FBI has not corrected or expunged those reports, and "the FBI has refused to or failed to fairly and thoroughly investigate [his] complaints." R. at 16. For his alleged injury, he asserted that he has "not been able to live a happy life with the knowledge that all of the false and misleading FBI Reports and FBI records, and other such federal records and privileged records concerning me are in existence." *Id.*

A magistrate judge initially screened the complaint prior to it being served and determined it should be dismissed for failure to state a claim on which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In her Report and Recommendation, the magistrate judge explained that, even accepting Mr. Khan's complaint as true, it failed to provide sufficient facts that would give rise to a personal injury claim. The magistrate judge further explained that amending the complaint would be futile, and recommended that the district court dismiss the complaint.

Mr. Khan then filed an objection to the Report and Recommendation and attached a proposed amended complaint. The district court considered Mr. Khan's submissions, but it determined that the objection and proposed amended complaint failed to remedy the deficiencies identified in the Report and Recommendation. Because the proposed amended complaint still failed to state a claim on which relief could be granted, the district court adopted the Report and Recommendation and dismissed the action with prejudice. Mr. Khan now appeals.

2

We review the district court's decision de novo. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In considering whether a complaint states a claim on which relief could be granted, "we look for plausibility in the complaint." *Id*. at 1218 (internal quotation marks and brackets omitted). "In particular, we look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id*. (internal quotation marks omitted). In doing so, we are guided by the Supreme Court's instruction that "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

We have reviewed Mr. Khan's extensive list of proposed errors and his related arguments, but we agree with the district court that neither Mr. Khan's initial complaint nor his proposed amended complaint state a claim on which relief could be granted.[1] Accordingly, we affirm the district court's judgment. We also deny Mr. Khan's motion to supplement the record on appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[1] As the district court did, we liberally construe Mr. Khan's pro se complaints. *See Kay*, 500 F.3d at 1218.